IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DEEP ELLUM BREWING** | § | |
| **COMPANY, LLC, et al.** | § | |
| | § | |
| **v.** | § | **1:15-CV-00821 RP** |
| | § | |
| **TEXAS ALCOHOLIC BEVERAGE** | § | |
| **COMMISSION, et al.** | § | |

<u>ORDER</u>

Before the Court are Plaintiffs' Motion to Exclude Certain Testimony and Opinions from

Defendants' Expert Caroline O'Connell (Dkt. No. 32), Defendants' Response (Dkt. No. 33), and

Plaintiffs' Reply (Dkt. No. 34).  On November 8, 2016, the District Court referred the above-

discovery motion to the undersigned Magistrate Judge for disposition pursuant to 28 U.S.C. §

636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules

of the United States District Court for the Western District of Texas.

## I.  BACKGROUND

Plaintiffs move to exclude opinions and testimony from Caroline O'Connell, one of the

TABC's designated experts, pursuant to Federal Rule of Evidence 702.  Plaintiffs argue that

O'Connell's opinions and testimony should be excluded because they "are nothing more than

(1) telling the Court what Texas law is; (2) applying Texas law for the Court; and (3) citing statistics

and drawing irrelevant conclusions that she is admittedly not qualified to give." Dkt No. 32 at 1-2.

O'Connell is a Massachusetts attorney who advises clients on the alcoholic beverage industry.  She

provided an 18-page expert report, the majority of which she agreed in her deposition discussed what

Texas law is.  Dkt. No. 32-1 at 12 (page 56 of deposition).[1]  Indeed, based on the page-by-page summary of the report contained in her deposition testimony, it appears that at least 12 of the report's 18 pages are merely summaries of existing law.  *Id.* at 9-11 (pages 44-46 and 49-50 of deposition). The three specific opinions Plaintiffs move to strike are:  (1) Texas has a strong policy relating to temperance, and only limited exceptions to the three-tier rule have been granted; (2) if the relief Plaintiffs seek is granted, the limits on on-site beer sales in two Texas statutes would not apply; and (3) Texas beer makers do not need the relief Plaintiffs seek in the case because various industry statistics show that the beer industry in Texas is growing.

In response, the TABC argues that most of the motion to strike was unnecessary, because the TABC told Plaintiffs that the only legal analysis it would be submitting to the judge would be from TABC's counsel, and not from O'Connell.  It contends that Plaintiffs' certificate of conference was incorrect when it stated that the TABC "would not unambiguously agree to all or even parts of the requested relief," and attaches an email string (which turns out to have been incomplete) between counsel to back up this claim.  Finally, the TABC argues that the remainder of the motion should be denied because O'Connell did not offer the opinion that the Plaintiffs seek to have stricken.

As noted, O'Connell is an attorney.  She focuses much of her legal practice on laws regulating alcoholic beverages.  She is not licensed to practice in Texas.  *Id.* at 6 (page 12-13 of deposition).  She has no economic training and agrees that she is not qualified to offer economic testimony.  *Id.*  She does not specialize in constitutional law.  *Id.* at 6, 8 (pages 12-13, 21 of deposition).  Despite this, a great deal of her report merely states what the law is, or opines regarding

---

[1]The referenced exhibit is a condensed copy of O'Connell's deposition, each page of which contains four reduced-sized pages of the deposition.  The parenthetical in the citation is the actual page of the deposition relied on by the Court.

how it should or would be applied by Texas courts.  She also opines that Texas beer makers do not

need the relief Plaintiffs are seeking because their industry is already growing.

When Plaintiffs presented the issues raised in this motion to the TABC's attorney in an

attempt to resolve them, TABC's counsel's response was:

> Ms. O'Connell testified not just once, but numerous times, that she is not offering
> opinions in this case about: (1) what Texas law is; (2) how Texas law should be
> applied; or (3) what the Texas Legislature should take into account when presented
> with any particular item of proposed legislation to consider its enactment. As a result,
> we would oppose a Daubert motion filed to challenge her expertise to offer any of
> these non-opinions as absolutely unnecessary and a waste of the Court's time.

Dkt. No. 34-1 at 5.  Because this statement was inconsistent with both the expert's report and

O'Connell's extensive deposition testimony, the Plaintiffs responded by stating that if the TABC

would stipulate that O'Connell would not be offering the identified legal opinions, then Plaintiffs

would not file this motion.  *Id.* at 4.  Without addressing the requested stipulation, TABC's counsel

responded that "[a]ll legal analysis that this office will present to the judge will be ours, not Ms.

O'Connell's." *Id.* at 3.  This led to Plaintiff's counsel expressing the concern that TABC's counsel

"say[s] one thing in [her] emails, yet O'Connell testified another way (sometimes in response to your

questions)."  *Id.* at 3.  He thus indicated that he needed an "unambiguous commitment" that the

opinions would not be offered.  TABC's counsel responded that she had "reviewed this chain of

e-mails several times in an attempt to understand what it is you are asking for from us." *Id.* at 2.  She

repeated that "all legal analysis that we offer the court will come from this office," but—despite the

plain request quoted above—did not unambiguously commit not to offer O'Connell's many legal

opinions.  *Id.*   In a last attempt at resolution, Plaintiffs' counsel sent a response pointing out that

TABC's counsel had elicited testimony at the deposition that O'Connell intended for the judge to

3

consider the entirety of her report, and that there were opinions in sections of the report other than the conclusions.[2]  He asked once more for an unambiguous commitment that the opinions would not be offered.  TABC's counsel did not respond.

## II.  ANALYSIS

### A.      Standard of Review

Rule 702 "imposes a 'special obligation' on a trial court to ensure that expert evidence is both reliable and relevant." *Carlson v. Bioremedi Therapeutic Systems, Inc.*, 822 F.3d 194, 199 (5th Cir. 2016) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999)). The party proffering expert testimony has the burden of establishing by a preponderance of the evidence that the challenged expert testimony is admissible. *See* FED. R. EVID. 104(a). Courts may consider a nonexhaustive list of factors in determining reliability, but "whether a proposed expert should be permitted to testify is case, and fact, specific." *Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 195 (5th Cir. 2006).  This so-called "gate-keeping" obligation applies to all types of expert testimony, not just "scientific" testimony. *See United States v. Kuhrt*, 788 F.3d 403, 419 (5th Cir.) (quoting *Kumho Tire Co.*, 526 U.S. at 147), *cert. denied*, 136 S.Ct. 1376 (2015).  "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular

---

[2]The relevant testimony is as follows:

Q:      (Defendants' Counsel) . . . Is it your intention that the judge consider the entirety of your report?
A:      Yes.
Q:      Are there opinions in your report other than in the conclusion section?
A:      Yes

Dkt. No. 32-1 at 27 (page 245 of deposition).

field or on a given subject." *Shell Trademark Management B.V. v. Warren Unilube, Inc*, 765 F. Supp.2d 884, 889 (S.D. Tex. 2011) (quoting *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999)).

## B.    Legal Opinions

The Fifth Circuit has repeatedly held that "an expert may never render conclusions of law" or proffer legal opinions. *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010); *Estate of Sowell v. United States*, 198 F.3d 169, (5th Cir. 1999). *See also*, *Snap–Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1996) (collecting cases).   "[A]llowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant." *Owen v. Kerr–McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983). "Therefore, courts have rejected expert testimony which purports to tell the jury what the law is, or what legal conclusion to reach." *BNY Mellon, N.A. v. Affordable Holdings, Inc.,* 2011 WL 2746301, at *1 (N.D. Miss. July 12, 2011) (citing *Estate of Sowell*, 198 F.3d at 172).   As one court has stated, "[e]ach courtroom comes equipped with a legal expert [. . .] called a judge." *Burkhart v. Washington Metropolitan Area Transit Authority,* 112 F.3d 1207, 1213 (D.C. Cir. 1997).

No doubt because the law is so clear on this, the TABC does not contest that any legal opinions contained in O'Connell's testimony are inadmissible.   Frustratingly, however, the TABC fails to address the issue presented by the motion head on, and merely repeats in the response what is said in the email exchange— all legal opinions offered by TABC will be offered through TABC's counsel.[3]   Plaintiffs' capture the situation well in their reply:

---

[3]The TABC also attacked the filing of the motion as unnecessary, relying on what it described as "a complete copy of the entire e-mail exchange" between counsel. Dkt. No. 33-1 at 2.  In fact, the last email in the string was left out.  In that email Plaintiffs explained the inconsistencies in the TABC's position, and asked once more for the TABC to confirm that it would not be offering O'Connell's legal opinions. Dkt. No. 34-1at 1.  The TABC did not respond.

> Defendants cannot have it both ways. They cannot (a) submit an expert report opining as to what Texas law is and how to apply it, and (b) ask the expert if she wants the Court to consider her report in its entirety, then (c) in the face of a Daubert motion try to avoid the ramifications of that conduct by claiming that only Defendants' counsel will offer legal analysis. Defendants forced Plaintiffs to spend many hours analyzing O'Connell's legal contentions and deposing O'Connell on them; never have Defendants offered to withdraw the improper opinions. Defendants now-ambiguous suggestion that only their counsel will offer legal opinions does not change the substance of most of O'Connell's opinions.

Dkt. No. 34 at 3-4. While TABC's counsel is correct in stating that the portion of the motion addressing O'Connell's many legal opinions was unnecessary, it was so not because the Plaintiffs did not need to raise the issue, but rather because the TABC refused to state unequivocally that it would not seek to admit O'Connell's legal opinions. Given the contradictions between the testimony in the deposition and the statements in the TABC emails, the Plaintiffs were perfectly reasonable in requesting an unequivocal commitment from the TABC on this issue. It would have been simple enough, and the TABC's inexplicable refusal to do so was the cause of this motion.

Finally, the Court agrees with Plaintiffs that the three challenged opinions are in fact legal opinions. O'Connell is attempting to offer a pure legal opinion on what current Texas law is, and how that law would be applied.[4] Such legal opinions and conclusions are not permitted. *See LULAC v. City of San Antonio*, 2014 WL 10762935 at \*2 (W.D. Tex. Sept. 30, 2014) (excluding expert report containing legal analysis of constitutional provisions, case law, statutes and rules); *BNY Mellon,* 2011 WL 2746301 at \*2 (striking expert report that offered legal conclusions interpreting and applying Mississippi law to the case). *See also, Estate of Sowell*, 198 F.3d at 171-72 (forbidding expert testimony as to whether a fiduciary was "acting reasonably"); *Askanase v. Fatjo*, 130 F.3d

---

[4]Notably, TABC's counsel did not deny that the challenged opinions are statements of law. *See* Dkt. No. 34.

657, 672–73 (5th Cir. 1997) (affirming exclusion of expert opinions as to whether defendants breached various fiduciary duties);  *Williams v. C Martin Co., Inc.*, 2014 WL 1652438 at *9 (E.D. La. April 24, 2014) (striking expert's opinions on whether parties were a joint venture); *Rushing v. Pride Int'l, Inc. & BP*, 2011 WL 3021043 at * 6 n. 17 (S.D. Tex. July 22, 2011) (excluding expert's legal conclusion that the offshore oil facility was a "vessel").   Accordingly, O'Connell's legal opinions and conclusions must be excluded.

## C.    Economic Opinions

Plaintiffs also object to O'Connell's opinion that Plaintiffs do not need the relief they are seeking in the case (*e.g.*, on-site beer sales for off-premises consumption) because beer makers are currently doing fine growth-wise.  O'Connell testified that she based this opinion on a review of beer industry statistics for the State of Texas and nationwide.  The TABC makes two responses.  First, the TABC oddly states that O'Connell is not offering the opinion Plaintiffs contend she is.  This is despite the fact that her report states "It is clear that brewers and manufacturers in Texas do not need the right to make off-premise sales to continue to grow and, in fact, thrive."  Dkt. No. 34 at 4. Elaborating on this at her deposition, she added that "Texas brewers and manufacturers are doing fine without the ability to sell on site for off-premises consumption," and that "the lack of off-premises sales has not slowed the growth of the craft brewing industry in the state of Texas." Dkt. No. 32-1 at 23, 25 (pages 209, 219 of deposition).  It is clear that O'Connell is offering the opinion Plaintiffs contend she is offering.  Second, TABC argues that the opinion is not an economic opinion, but instead is "a conclusion about the industry based on historical fact."  But that is exactly

what economics is—making conclusions about an industry based on facts of that industry.[5]  Because these opinions are clearly outside of O'Connell's expertise, they should be stricken.

### III.  CONCLUSION

Based upon the foregoing, Plaintiffs' Motion to Exclude Certain Testimony and Opinions from Defendants' Expert Caroline O'Connell (Dkt. No. 32) is **GRANTED**, and pursuant to FED. R. EVID. 702 any legal or economic opinions contained in her report or deposition are **STRICKEN**, including her opinions that: (1) Texas has a strong policy relating to temperance, and only limited exceptions to the three-tier rule have been granted; (2) if the relief Plaintiffs seek is granted here, the limits on on-site beer sales in two Texas statutes would not apply; and (3) Texas beer makers do not need the relief Plaintiffs seek in the case because various industry statistics show that the beer industry in Texas is growing.

SIGNED this 14ᵗʰ day of November, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[5]For example, the Oxford English Dictionary defines "economics" as "The branch of knowledge (now regarded as one of the social sciences) that deals with the production, distribution, consumption, and transfer of wealth; the application of this discipline to a particular sphere; (also) the condition of a state, etc., as regards material prosperity; the financial considerations attaching to a particular activity, commodity, etc."  OED ONLINE, Oxford Univ. Press, 2016 (last viewed November 14, 2016).